UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANTHONY LOMAX,                          )
                                        )
              Petitioner,               )
                                        )
        v.                              )        No. 1:19-cv-03843-SEB-MPB
                                        )
UNITED STATES OF AMERICA,               )
                                        )
              Respondent.               )

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255
and Directing Resentencing**

For the reasons discussed in this Order, Anthony Lomax's motion for relief pursuant to 28

U.S.C. § 2255 must be **granted**. His criminal Judgment shall be vacated, and he is entitled to

resentencing.

**I. Factual Background**

In November 2012, a grand jury returned an indictment against Mr. Lomax and others.

*United States v. Lomax*, 1:12-cr-00189-SEB-MJD (hereinafter "Crim. Dkt."), dkt. 1. It returned a

fourth superseding indictment in October 2013 charging Mr. Lomax with one count of conspiracy

to possess with intent to distribute controlled substances, including one kilogram or more of a

mixture or substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) (the "conspiracy

charge"); five counts of distribution of a mixture or substance containing heroin in violation of 21

U.S.C. § 841(a)(1) (the "distribution counts"); and one count of unlawful possession of a firearm

in violation of 18 U.S.C. § 922(g) (the "firearm count"). Crim. Dkt. 235.

Prior to the return of the fourth superseding indictment, the United States filed an

information pursuant to 21 U.S.C. § 851. Crim. Dkt. 113. The information stated that Mr. Lomax

"was convicted of Possession of Cocaine, in Marion County, Indiana, Cause Number

49G200006CF10554," in March 2001. *Id.* The information subjected Mr. Lomax to the enhanced sentencing penalties outlined in 21 U.S.C. § 841(b)(1) (eff. Aug. 3, 2010, to Dec. 20, 2018).

A jury trial began on January 29, 2014, Crim. Dkt. 339, and the jury found Mr. Lomax guilty of all counts charged in the fourth superseding indictment, Crim. Dkt. 364. The jury concluded that the conspiracy involved one kilogram or more of a mixture or substance containing heroin. *Id.* On July 30, 2014, the Court sentenced Mr. Lomax to an aggregate sentence of 400 months' imprisonment to be followed by an aggregate term of 10 years' supervised release. Crim. Dkts. 415, 417. Mr. Lomax appealed, and the Seventh Circuit reversed and remanded his conviction on the conspiracy count after finding that the jury should have received a buyer-seller instruction for this count. *United States v. Lomax*, 816 F.3d 468, 475-77 (7th Cir. 2016).

On remand, the Court re-sentenced Mr. Lomax on the distribution counts and firearm count. *See* Crim. Dkts. 565, 577; *see also* Crim. Dkt. 580. Based on the § 851 information and the dismissal of the conspiracy count, Mr. Lomax's statutory sentencing range was a term of imprisonment of not less than 20 years or more than 30 years. *See* 21 U.S.C. § 841(b)(1)(C) (eff. Aug. 3, 2010, to Dec. 20, 2018); *see also* Crim. Dkt. 568 at ¶ 115. On June 27, 2017, the Court imposed an aggregate sentence of 400 months' imprisonment and 6 years' supervised release. Crim. Dkt. 580. Mr. Lomax received concurrent terms of 360 months' imprisonment on the distribution counts and a 120-month term of imprisonment on the firearm count with 40 months of that sentence running consecutive to the other sentences. Crim. Dkt. 580 at 2. Mr. Lomax appealed, and the Seventh Circuit affirmed. *United States v. Lomax*, 743 F. App'x 678 (7th Cir. 2018). The Supreme Court denied Mr. Lomax's petition for writ of certiorari on November 19, 2018. *Lomax v. United States*, 139 S. Ct. 580 (2018).

Mr. Lomax filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on September 10, 2019. Dkts. 1, 2; *see also* Crim. Dkt. 619, 620. The United States has responded, dkt. 13, and Mr. Lomax has replied, dkt. 14.

## II. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## III. Discussion

Mr. Lomax asserts three challenges to his convictions and sentence: 1) counsel on remand was ineffective for failing to argue that Mr. Lomax's 2001 Indiana conviction for possession of cocaine was not a "felony drug offense" for purposes of 21 U.S.C. § 841; 2) counsel on remand was ineffective for failing to negotiate during remand that the United States would not assert that the entire amount of heroin attributable to the conspiracy applied to Mr. Lomax as relevant conduct; and 3) applying the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court should apply the categorical approach to determine whether any controlled substance offenses qualify for purposes of enhancing his sentence. *See* dkt. 1 at 4-7.

Although Mr. Lomax presents his first challenge in the context of an ineffective assistance of counsel claim, the Court construes his argument as asserting that he is actually innocent of the § 841(b)(1)(C) sentence enhancement because his 2001 Indiana conviction for possession of cocaine is not a "felony drug offense" under current Seventh Circuit precedent. *See* dkt. 2 at 4-8. For the reasons explained below, the Court agrees that Mr. Lomax's prior cocaine conviction is not a "felony drug offense" and thus he is entitled to re-sentencing without the § 841(b)(1)(C) sentencing enhancement. Because Mr. Lomax is entitled to relief on this basis, the Court will not address his additional arguments.

Section 841(b) provides for certain mandatory minimum sentences on the basis of prior convictions for felony drug offenses. At the time of Mr. Lomax's re-sentencing, § 841(b)(1)(C) provided that any individual convicted of an offense involving heroin "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment of not more than 30 years . . . ." 21 U.S.C. § 841(b)(1)(C) (eff. Aug. 3, 2010, to Dec. 20, 2018). Without the prior conviction for a felony drug offense, the statutory maximum term of imprisonment for an offense involving heroin was 20 years. *Id.*

A felony drug offense is defined by 21 U.S.C. § 802(44) to mean "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (eff. July 22, 2016, to Oct. 23, 2018). "Because § 802(44) defines felony drug offense in part by reference to state law, a mandatory minimum under § 841(b)[] can be predicated on prior convictions under state law." *United States v. Elder*, 900 F.3d 491, 497-98 (7th Cir. 2018).

After Mr. Lomax was re-sentenced, the Seventh Circuit concluded as a matter of first impression that "in combination, § 841(b)[] and § 802(44) require a categorical approach." *Elder*, 900 F.3d at 499.  Using the categorical approach, a court must "determine whether the state conviction can serve as a predicate offense by comparing the elements of the state statute of conviction to the elements of the federal recidivism statute. 'A state crime may qualify as a predicate conviction only if the elements of the state crime mirror, or are narrower than, the elements of the generic crime.'" *Id.* at 501 (quoting *United States v. Zuniga-Galeana*, 799 F.3d 801, 804 (7th Cir. 2015)); *see also Shipman v. United States*, 925 F.3d 938, 943-44 (7th Cir. 2019). "[U]nder the categorical approach, it is only the elements that matter, not the defendant's underlying conduct." *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019). Thus, this Court must compare the elements of the statute underlying Mr. Lomax's 2001 Indiana conviction for possession of cocaine to § 802(44)'s definition of "felony drug offense" to see if the Indiana statute mirrors or is narrower than § 802(44).

The statute underlying Mr. Lomax's 2001 Indiana conviction for possession of cocaine was Indiana Code § 35-48-4-6. *See* mycase.IN.gov, Summary-MyCase, *available at* www.public.courts.in.gov/mycase#/vw/Search (last visited Feb. 5, 2021). Section 35-48-4-6 prohibits a person from knowingly or intentionally possessing "cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II" without a valid prescription or order of a practitioner." Ind. Code § 35-48-4-6(a). Under Indiana law, "'cocaine' includes cocoa leaves, and any salt, compound, or derivative of coca leaves, and any salt, compound, isomer, derivative, or preparation which is chemically equivalent or identical to any of these substances." Ind. Code § 35-48-1-7.

In comparison, "felony drug offense" means an offense "that prohibits or restricts conduct relating to narcotic drugs, . . .," 21 U.S.C. § 802(44), and "narcotic drug" means, in relevant part, "coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed," 21 U.S.C. § 802(17)(C). The federal definition of cocaine is narrower than the Indiana definition of cocaine because the Indiana definition includes "any salt, compound, or derivative of coca leaves, and any salt, compound, isomer, derivative, or preparation which is chemically equivalent or identical to any of these substances." *See* Ind. Code § 35-48-1-7. When "the Indiana definition includes something more [than the federal definition], the mismatch renders the Indiana statute overbroad." *De La Torre*, 940 F.3d at 951.

The United States contends that the Court should not apply the Seventh Circuit's rationale in *De La Torre* to Mr. Lomax. Dkt. 13 at 10. The Court acknowledges the United States' desire to preserve the argument that *De La Torre* was incorrectly decided, but the Court must apply and follow Seventh Circuit precedent. As explained above, current Seventh Circuit precedent requires this Court to apply a categorical approach to determine whether Mr. Lomax's 2001 Indiana conviction for possession of cocaine qualifies as a "felony drug offense." Applying the categorical approach, Mr. Lomax's prior conviction does not qualify because the Indiana definition of "cocaine" is broader than the federal definition.

Because Mr. Lomax's 2001 Indiana conviction for possession of cocaine does not qualify as a "felony drug offense," he is actually innocent of the enhanced sentence set forth in 21 U.S.C. § 841(b)(1)(C) (eff. Aug. 3, 2010, to Dec. 20, 2018), and he is entitled to relief under 28 U.S.C. § 2255. *See Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018) (stating that habeas petitioner may invoke the "actual innocence exception, which permits a petitioner to assert a

6

defaulted claim if he can demonstrate that he is actually innocent of the crimes of which he was

convicted" (internal quotation marks and citation omitted)). Without the sentence enhancement,

the statutory maximum sentence Mr. Lomax could have received was 20 years' imprisonment. *See*

*id*. He must be re-sentenced using the applicable statutory maximum sentence.

### IV. Conclusion

For the foregoing reasons, Mr. Lomax's motion for relief pursuant to 28 U.S.C. § 2255,

dkt. [1], is **granted**. The judgment imposed in 1:12-cr-00189-SEB-MJD-3, Crim. Dkt. [580], is

**VACATED**. Mr. Lomax **shall be resentenced in accordance with this Order**. He shall remain

in custody pending resentencing.

Judgment consistent with this Order shall now issue and a copy of this Order **shall be**

**docketed in 1:12-cr-00189-SEB-MJD-3**. The motion to vacate, Crim. Dkt. [619], shall also be

**granted** in the underlying criminal action.

**IT IS SO ORDERED.**


Date:

2/9/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY LOMAX
11112-028
YAZOO CITY - MEDIUM FCI
YAZOO CITY MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5888
YAZOO CITY, MS 39194

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov